## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERIC NEAL, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| AMAZON, INC. ) | |
| Serve Registered Agent: ) | |
| Dan Boatright ) | |
| Littler Mendelson, P.C. ) | |
| 1201 Walnut Street, Ste. 1450 ) | |
| Kansas City, Missouri 64108 ) | |
| ) | |
| Defendant. ) | |

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the Federal Court in Kansas City, Kansas as the place of trial.

## COMPLAINT

COMES NOW Plaintiff, Eric Neal ("Neal" or "Plaintiff"), by and through the undersigned counsel, and states and alleges as follows against Defendant Amazon, Inc. ("Amazon" or "Defendant"):

## NATURE OF THE CLAIM

1. This is an action for legal and equitable relief to redress the deprivation of Plaintiff's civil rights pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 2000e *et seq*. (Title VII) and for retaliation in violation of Title VII and 42 U.S.C. § 1981.

2. Plaintiff, while an employee of Defendant Amazon, was subjected to unlawful discrimination based on his status as an individual with a disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et. seq.*

3. Plaintiff seeks all relief available under § 1981, Title VII and the ADA, including but not limited to, compensatory and punitive damages, costs, and reasonable attorneys' fees.

4. Plaintiff seeks all relief available under the Family and Medical Leave Act ("FMLA"), including but not limited to, compensatory and liquidated damages, costs, and reasonable attorneys' fees.

## PARTIES

5. Plaintiff is an African-American male who resides in the State of Missouri. At all times herein, he was, and is currently, employed by Defendant Amazon, Inc. ("Amazon" or "Defendant") at its location in Kansas City, Kansas.

6. Defendant is a Washington corporation, authorized to conduct business in the State of Kansas.

7. Plaintiff is a "qualified individual" under the ADA, specifically 42 U.S.C. §12111(8), because Plaintiff suffers from a disability but can perform the essential functions of his job with or without reasonable accommodation.

8. Amazon, is an "employer" for purposes of the ADA and as defined in 42 U.S.C. § 12111(5)(A) because it employs more than 15 people each day.

9. At all times mentioned herein, each of Defendant's employees referenced in this Complaint were the agents, servants, and employees of Defendant.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## ADMINISTRATIVE PROCEEDINGS

12. Plaintiff timely filed na charge of discrimination with the Equal Employment Opportunity Commission (EEOC). *A true and accurate copy of each charge is attached hereto and incorporated herein by reference as Exhibit A.*

13. Plaintiff timely filed an amended charge of discrimination with the Equal Employment Opportunity Commission (EEOC). *A true and accurate copy of each charge is attached hereto and incorporated herein by reference as Exhibit B.*

14. Plaintiff timely filed an amended charge of discrimination with the Equal Employment Opportunity Commission (EEOC). *A true and accurate copy of each charge is attached hereto and incorporated herein by reference as Exhibit C.*

15. Plaintiff thereafter received his Notices of Right to Sue pursuant to Title VII. *A true and accurate copy of each Notice is attached hereto and incorporated herein by reference as Exhibit C.*

16. This action has been timely filed with this Court and Plaintiff has fully complied with all administrative prerequisites before filing this action.

## FACTUAL ALLEGATION

17. Plaintiff is an African-American male.

18. Plaintiff was hired by Amazon on September 19, 2017 as a Tier 1 FC Associate.

19. On multiple occasions, Plaintiff has requested to rotate between several different job assignments; particularly, Indirect Roles: Problem Solvers, Process Guide and Slam Operator.

20. However, these full-time assignments have primarily been given to white counterparts.

21. Indirect Roles are important because experience in those roles is considered for promotions.

22. Plus, there is lesser attrition within Indirect Roles and less wear and tear on an employee's body.

23. Also, Plaintiff has applied for promotions on several occasions: January 2019, April 2019 and July 2019.

24. On each occasion, Plaintiff did not receive the position. Rather, individuals of lesser experience were hired.

25. In some instances, the individuals whom were hired were trained by Plaintiff.

26. Over the course of his employment, Plaintiff made a number of complaints regarding the racial disparity in the Indirect Positions, as well as his failure to be promoted.

27. Particularly, Plaintiff complained to: Area Manager Marcus (last name unknown) in May 2018, SR. Operations Manager Zach Scherschel in November 2018, Area Manager Sara Dunco in May 2019 and June 2019.

28. Plaintiff also complained to Human Resources Manager Emily Hughes in June 2019.

29. As a result of his complaints, on June 18, 2019, during a meeting with SR. Operations Manager Ross Peterson and HR Business Partner Grant Crowley, Plaintiff was told to "only bring up these issues to the Area Manager and escalate them no further."

30. During this meeting, Plaintiff was also told that he would likely keep getting passed over for promotion if his complaints continued.

31. Upon information and belief, there was no investigation of Plaintiff's complaints.

32. In or around July 2019, Plaintiff applied for another promotion and was denied. Again, Plaintiff made complaints of racial discrimination to: Area Manager Victor Del Campo, Operations Manager Derek Hedtke and Human Resources.

33. Following his complaints, Mr. Del Campo stated that "these complaints have to stop, or my boss and my boss's boss will get involved and it will be bad for you."

34. Around this time Plaintiff made complaints to management regarding the lack of promotions, Plaintiff also made two official injury reports on July 31, 2019 and August 19, 2019 regarding an injury he sustained from continuously working on the smart pack machine.

35. Also, Plaintiff made written complaints to Victor Del Campo, among others, regarding the Company's failure to rotate him off the smart pack machine, which was contributing to his injury.

36. The Company failed to make any accommodations related to his injury or complaints. Plaintiff made several follow-up complaints over the next few months, culminating with another injury report on December 19, 2019.

37. As a result of Plaintiff's injuries, on December 19, 2019, Plaintiff began the workers' compensation process.

38. After the Company finally sent Plaintiff to a workers' compensation physician, Plaintiff was diagnosed with a severe thoracic strain.

39. The injury affected plaintiff's basic life activities, such as walking and sleeping, among other things.

40. The Company's actions, or lack thereof, contributed to his injury.

41. From January 5, 2020 through January 22, 2020, Plaintiff was placed on an alternative work assignment.

42. Though he was cleared to return to work after January 22, 2020, Plaintiff was not placed on the work schedule for several weeks, requiring him to seek hours by physically showing up at work and requesting his manager give him hours.

43. On February 13, 2020, Plaintiff re-injured his shoulder/upper back, requiring him to take workers' compensation from February 18, 2020 through March 6, 2020.

44. Beginning March 2, 2020 through May 19, 2020, Plaintiff took Family and Medical Leave, as well as Short-Term Disability.

45. Though Plaintiff was cleared to return to work on May 20, 2020, he was again not placed on the work schedule until August 23, 2020.

46. Plaintiff complained to his supervisors and human resources or on four (4) different occasions during this time period.

47. Plaintiff was subjected to disparate treatment based on his race as compared to similarly situated employees in that he was not promoted despite his experience.

48. Plaintiff has continued to experience disparate pay as a result of Defendant's failure to promote Plaintiff.

49. Plaintiff was subjected to disparate treatment based on his actual and/or perceived disability in that he was not placed on the work schedule, though he was cleared to work.

50. Plaintiff was subjected to disparate treatment based on his use of Family and Medical Leave.

51. Plaintiff was subjected to unfair treatment as compared to similarly situated employees.

52. Despite Plaintiff's complaints of race and disability discrimination and Defendant's acknowledgements of such complaints, nothing was done to correct or prevent further discrimination and harassment.

53. Plaintiff thereafter experienced retaliation in addition to further race and disability discrimination.

54. Plaintiff experienced, and continues to experience, emotional distress as a result of the race and disability discrimination, as well as retaliation.

55. At all times mentioned herein, before and after, the above referenced individuals were agents, servants and employees of Defendant and were at all such times acting within the scope and course of their employment, or their actions were expressly authorized or ratified by Defendant. Defendant is therefore liable for the actions of said persons and/or perpetrators under all theories pled herein.

## COUNT I
### Title VII – Racial Discrimination and Harassment

COMES NOW Plaintiff and for Count I of his Complaint against Defendant alleges and states as follows:

56. Plaintiff incorporates by reference the allegations in the preceding paragraph as if fully set forth herein.

57. During the course and scope of Plaintiff's employment, Defendant's representatives acting within the course and scope of their employment, engaged in a pattern and practice of intentional discrimination and harassment of Plaintiff based on his race, in violation of 703(a) of Title VII, 42 U.S.C. §2000e 2(a) and §2000e 3(a).

58. The harassment and discrimination had the purpose and effect of unreasonably interfering with Plaintiff's work performance thereby creating an intimidating, hostile and offensive working environment.

59. The actions and conduct of Defendant's representatives acting within the course and scope of employment created an intimidating, hostile and offensive working environment and thereby detrimentally affected Plaintiff.

60. The conduct as described herein would have offended a reasonable person of the same race in Plaintiff's position.

61. Management level employees knew or should have known of the racial discrimination and harassment described herein but failed to take appropriate action to address the discrimination and further failed to implement effective and appropriate procedures to stop and remedy the racial discrimination and harassment.

62. By failing to conduct a prompt investigation of Plaintiff's allegations of race discrimination, Defendant exacerbated the discriminatory and hostile work environment to which Plaintiff was subjected.

63. Defendant through its agents and employees engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

64. The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

65. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages, including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of his Complaint, for a finding that he has been subjected to unlawful discrimination and harassment provided by 42 U.S.C. §2000e *et seq*; for an award of compensatory and punitive damages; equitable relief; for his costs expended; for his reasonable attorneys' fees and expert fees as provided by 42 U.S.C.§ 2000e 5(k); and for such other relief as this Court deems just and proper.

## COUNT II
**Americans with Disabilities Act – Disability Discrimination/Failure to Accommodate**

66. Plaintiff incorporates by reference all other paragraphs in this Complaint and restates and re-alleges the same.

67. The Americans with Disabilities Act prohibits discrimination against a person who has a mental or physical impairment that substantially limits one or more major life activities, or who is regarded as having such an impairment, or who has a record of such an impairment, which with or without reasonable accommodation does not interfere with the individual's ability to perform the essential functions of the job in question.

68. Defendant discriminated against Plaintiff because he is actually disabled and/or because Defendant regarded him as disabled.

69. Plaintiff was disabled for purposes of the ADA.

70. Plaintiff's disability substantially affects and/or has affected one or more of his major life activities.

71. Defendant knew Plaintiff was actually disabled and/or perceived and regarded Plaintiff as having a mental or physical impairment that substantially affects one or more of his major life activities.

72. Defendant discriminated against Plaintiff on the basis of his disability and/or perceived disability in ways including but not limited to: treating Plaintiff with hostility and less

favorably than similarly situated, non-disabled employees, failing to promote Plaintiff and failing to place Plaintiff on the work schedule.

73. The conduct and actions by the above-described perpetrators were performed on the basis of Plaintiff's disability and/or perceived disability, and constituted disability discrimination that is prohibited by the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*

74. Plaintiff suffered tangible adverse employment actions as a result of Defendant's hostile treatment of Plaintiff, all based on Plaintiff disability or perceived disability.

75. Defendant's conduct has caused Plaintiff emotional distress, including but not limited to sadness, degradation, humiliation, anger, and upset.

76. The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

77. Defendant's treatment of Plaintiff was punitive in nature and was based upon Plaintiff's status as a person regarded as having a physical impairment that substantially limits one or more major life activities.

78. Supervisory and administrative level employees knew or should have known of the discrimination based on Plaintiff's disability or perceived disability, but they failed to appropriately address the problem and further failed to implement effective and appropriate procedures to stop the discrimination.

79. The actions and conduct set forth herein were outrageous and showed an evil motive, reckless indifference, or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter others from similar conduct.

80. At all times mentioned herein, the above referenced perpetrators were employees, supervisors, managers, agents, servant, and employees of Defendant and were at all such time acting within the course and scope of their employment, and/or their actions were expressly authorized by Defendant, thus making Defendant liable for punitive damages under the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant on Count II of this Complaint, for a finding that he was subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq*., for an award of compensatory and punitive damages, pre-judgment and post-judgment interest as provided by law, for his costs herein expended, for general and special damages, for his reasonable attorneys' fees, and such other relief as this Court deems just and proper, including equitable relief.

## COUNT III
### Title VII – Retaliation

COMES NOW Plaintiff and for Count III of his Complaint against Defendant states and alleges as follows:

81. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

82. Plaintiff's complaints of racial and disability discrimination and harassment constituted a protected activity.

83. By reason of Plaintiff's complaints Defendant retaliated against Plaintiff resulting in Plaintiff not receiving a promotion, as well as not being placed on the work schedule, among other things.

84. At all times mentioned herein, before and after, the above mentioned individuals were agents, servants, and employees of Defendant and were at all times acting within the course and scope of their employment.

85. Defendant's retaliation against Plaintiff was intentional, willful, and malicious, and constituted a willful violation of Plaintiff's federally protected rights.

86. At the time Defendant retaliated against Plaintiff, Defendant knew that such retaliation was unlawful.

87. The actions and conduct set forth herein was outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendant and others from like conduct.

88. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages and lost wages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of his Complaint, for a finding that he has been subjected to unlawful retaliation provided by 42 U.S.C. §2000e *et seq*,; for an award of compensatory and punitive damages; equitable relief; for his costs expended; for his reasonable attorneys' fees and expert's fee provided by 42 U.S.C. §2000e 5k and for such other relief as this Court deems just and proper.

## COUNT IV
### Violation of 42 U.S.C. §1981

COMES NOW Plaintiff and for Count IV of his Complaint against Defendant alleges and states as follows:

89. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

90. During the course and scope of Plaintiff's employment, Defendant's representatives, agents and employees, acting within the course and scope of their employment, engaged in a pattern of practice of intentional discrimination against Plaintiff based on his race in the making and enforcing of a contract.

91. Defendant through its representatives, agents and employees engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

92. The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter it and others from like conduct.

93. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of his Complaint, for a finding that he has been subjected to unlawful discrimination as prohibited by 42 U.S.C. §1981; for an award of compensatory and punitive damages; equitable relief; for his costs expended; for his reasonable attorneys' fees and expert's fees; and for such other relief as this Court deems just and proper.

## COUNT V
### 42 U.S.C. §1981 - Retaliation

COMES NOW Plaintiff and for Count V of his Complaint against Defendant states and alleges as follows:

94. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

95. Plaintiff's complaints of racial discrimination and harassment constituted a protected activity.

96. By reason of Plaintiff's complaints Defendant retaliated against Plaintiff resulting in Plaintiff being harassed, unfairly disciplined and discharged.

97. At all times mentioned herein, before and after, the above mentioned individuals were agents, servants, and employees of Defendant and were at all times acting within the course and scope of their employment.

98. Defendant's retaliation against Plaintiff was intentional, willful, and malicious, and constituted a willful violation of Plaintiff's federally protected rights.

99. At the time Defendant retaliated against Plaintiff, Defendant knew that such retaliation was unlawful.

100. The actions and conduct set forth herein was outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendant and others from like conduct.

101. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages and lost wages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count V of his Complaint, for a finding that he has been subjected to unlawful retaliation provided by 42 U.S.C. § 1981, *et seq*,; for an award of compensatory and punitive damages; equitable relief; for his costs

expended; for his reasonable attorneys' fees and expert's fee provided by 42 U.S.C. § 1981 and for such other relief as this Court deems just and proper.

## COUNT VI
## VIOLATION OF FMLA, 29 U.S.C. § 2601 et seq.

102.　Plaintiff incorporates by reference all preceding paragraphs and allegations as though fully set forth herein.

103.　Plaintiff was employed by Defendants, who is a covered employer.

104.　Defendant is an employer as defined by 29 U.S.C. § 2601 *et seq.* and 29 U.S.C. § 2611(4)(A)(iii), as it is a public agency and employs 50 or more employees.

105.　Plaintiff sustained injuries from continuously working on the smart pack machine.

106.　Plaintiff was diagnosed with a severe thoracic strain.

107.　Defendant was aware of Plaintiff's medical condition and need for medical treatment.

108.　Plaintiff worked for the Defendant for at least 12 months.

109.　Plaintiff worked for Defendant at a location where 50 or more employees of Defendant worked within 75 miles.

110.　Plaintiff was employed by Defendant and worked more than 1250 hours in the 12 months prior to his request for FMLA leave that resulted in his termination.

111.　Beginning in or around Mid-March 2020 through May 19, 2020, Plaintiff took approved FMLA leave.

112.　As a result, Plaintiff was required to and did take leave pursuant to 29 U.S.C. § 2601, et seq., and 29 U.S.C. § 2612(a) and 29 C.F.R. § 825.112 and § 825.122.

113.　Under the FMLA, Plaintiff was entitled to take.

114. An eligible employee who takes FMLA leave is protected from retaliation or other harassing or discriminatory treatment.

115. The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of any right provided by the FMLA.

116. Defendant lacks good faith in its treatment of Plaintiff for exercising his rights under the FMLA.

117. Defendant retaliated against Plaintiff by refusing to place him on the work schedule, following his FMLA leave requests.

118. Defendant's actions are prohibited by the FMLA.

119. Defendant's actions against and treatment of Plaintiff were those which a reasonable employee would have found materially adverse.

120. The FMLA makes it unlawful wherein an employee's use of FMLA leave results in the loss of any employment benefit which accrued prior to the start of the employee's FMLA leave.

121. A causal connection exists between Plaintiff's protected FMLA activity and the adverse employment actions taken by Defendant.

122. The reasons given by Defendant for the misconduct toward Plaintiff and his constructive termination were pretext to cover up their unlawful and retaliatory motives.

WHEREFORE, Plaintiff prays the Court grant the following relief:

A. Award Plaintiff damages in an amount equal to any wages, salary, employment benefits, and other compensation and/or benefits denied or lost to Plaintiff by reason of the violation of the FMLA, and interest on the same amounts;

B. Award Plaintiff liquidated damages equal to the sum of the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff and the interest on that amount;

C. Award Plaintiff reasonable attorneys' fees, reasonable expert witness fees, and other costs of this action; and

D. Award such other and further relief as to the court deems just and equitable.

## **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all Counts alleged herein.

HOLMAN SCHIAVONE, LLC

By: */s/ M. Shaun Stallworth*
    M. Shaun Stallworth, KS Fed # 78332
    4600 Madison Avenue, Suite 810
    Kansas City, Missouri 64112
    Telephone: 816.283.8738
    Facsimile: 816.283.8739
    Email: sstallworth@hslawllc.com

    ATTORNEYS FOR PLAINTIFF